[Civ. No. 33588.   Second Dist., Div. Four.   July 15, 1969.]

Estate of ELIZABETH PRATT, Deceased.  BANK OF AMERICA, Petitioner and Respondent, v. CLIFTON H. TROXELL, Claimant and Appellant; HERBERT H. HUTCHESON et al., Claimants and Respondents.

Monta W. Shirley and Burke W. Mathes for Claimant and Appellant.

Dryden, Harrington & Swartz, Jacob Swartz and John T. Butchko for Petitioner and Respondent.

No appearance for Claimants and Respondents.

KINGSLEY, J.—This is an appeal from an order made by the superior court, sitting in probate, in response to a petition for instructions filed by a special administrator with general powers. Appellant Troxell is the proponent of a document which he contends is the Last Will and Testament of decedent, under which he would be the distributee of a piece of real property. Contests to the admission of that will have been filed by the other respondents, who claim under other instruments which they contend are the true last wills and testaments of decedent and under which Troxell would not receive the real property in question. As of the date of the order herein involved these contests had not been determined and no will had been admitted to probate. Neither Troxell nor any of

the contestants are entitled to take as heirs-at-law and decedent left no heirs.

The nature of the dispute is adequately stated in the administrator's petition, as follows:

"That among the assets in said estate is a residence located at 810 Holmby Avenue, Los Angeles, California, legally described as follows:

"Lot 17, Block 1, of Tract 9200

M.B. 124, pp. 89-91 (Westwood

District) in the City of Los

Angeles, County of Los Angeles,

State of California;

hereinafter called 'said real property.'

"That since the date of death of said decedent on June 16, 1967, Clifton H. Troxell has resided on said real property without payment of any consideration therefor to petitioner on behalf of the estate of said decedent.

"Petitioner is of the opinion that the fair rental value of said real property is $500.00 per month. Said Clifton H. Troxell has filed a Petition for the probate of a document purporting to be the Last Will and Testament of said decedent bearing date of January 25, 1965, under which document said Clifton H. Troxell claims to be the principal beneficiary of the estate of said decedent and the devisee of said real property.

"Petitioner is of the opinion that if said real property were vacated by said Clifton H. Troxell and it were not possible for petitioner to rerent said real property to a third person, the cost of safeguarding said real property would amount to approximately $200.00 per month. Accordingly, petitioner requested said Clifton H. Troxell to pay rental at the rate of $300.00 per month to the estate of said deceased for the period of his occupancy of said real property, but to date he has not paid any amount whatever to petitioner.

"Some, but not all, of the persons interested in the estate of said deceased have indicated that they had no objection to said Clifton H. Troxell residing on said real property without payment of any rent to petitioner.

"Petitioner desires the instructions of this Court whether it should or it should not insist on payment of rent, and the amount thereof, from Clifton H. Troxell for his occupancy of said real property and the steps petitioner should take, if any, if said Clifton H. Troxell does not pay before delinquency the

rent, if any, petitioner should charge said Clifton H. Troxell for his occupancy of said real property so that petitioner may proceed in accordance with the instructions of this Court.

"WHEREFORE, petitioner prays that it be instructed concerning the rent, if any, it should charge for the use and occupancy of said real property by said Clifton H. Troxell, and the enforcement procedures, if any, it should employ to collect any rent it should be instructed to charge for such use and occupancy; and for such other and further orders as may be proper in the premises."

After a hearing, at which Troxell, the administrator and the various contestants appeared, the court made its order in the following terms:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the fair rental value of the property at 810 Holmby Avenue, Los Angeles, California, during the period June 16, 1967 through May 31, 1968 is in the sum of $500.00 per month, that the benefit to the estate of the above named decedent by reason of the use and occupancy of such property by CLIFTON H. TROXELL during said period of time has been equal to the sum of $200.00 per month, and *that the net amount which the estate of said decedent should receive from* CLIFTON H. TROXELL *for his use and occupancy of said premises during the period June 16, 1967 through May 31, 1968, is in the sum of $300.00 per month, in the event said* CLIFTON H. TROXELL *shall not have said property distributed to him by a final order of this Court.*

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED *that said* CLIFTON H. TROXELL *shall, on or before May 31, 1968, furnish to petitioner* BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION *a bond or undertaking in the amount of $5,000.00 with a corporate surety to assure the payment of the sum of $300.00 per month to the estate of said decedent for his use and occupancy of the property located at 810 Holmby Avenue, Los Angeles, California, during the time that he remains in possession of said property, and that if said* CLIFTON H. TROXELL *shall not have furnished such bond or undertaking to petitioner on or before May 31, 1968, then he shall vacate and surrender possession of said property to petitioner and leave the same in as good order and condition as it was at the time of the death of decedent on June 16, 1967, reasonable wear and tear thereafter excepted.*

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that petitioner BANK OF AMERICA NATIONAL TRUST & SAVINGS

ASSOCIATION shall not be accountable for any sum on account of the fair rental value of said property located at 810 Holmby Avenue, Los Angeles, California, during the period June 16, 1967, the date of death of said decedent, to and including May 31, 1968, except and only to the extent that petitioner shall recover any sum on account of the use and occupancy of said property from CLIFTON H. TROXELL, but that petitioner shall not attempt to collect or recover any sum on account of the use and occupancy of said property by said CLIFTON H. TROXELL unless and until this Court shall hereafter have directed petitioner to attempt to collect and recover from said CLIFTON H. TROXELL any sum on account of his use and occupancy of said property.'' (Italics added.)

Troxell has appealed from the portions of the order which we have emphasized in the above quotation.

Although appellant contends that the court erred in not admitting into evidence the will under which he claims and certain testimony as to decedent's intentions, the principal contention here is that the order exceeded the jurisdiction of the probate court on a petition for instructions. We conclude that there was no error in rejecting the proffered testimony and that part of the order appealed from was beyond the power of the probate court to make.

It is plain from the statute that, at least until a will is admitted to probate, the sole right to possession of real property, as between a special administrator with general powers and strangers to the blood, lies in the administrator. (Prob. Code, § 581.)  It is also well settled that a probate court has no jurisdiction to determine a contest over the title to property as between the personal representative and an adverse claimant.  It follows that the question of the right of Troxell to occupy the real property in question against a demand for possession by the administrator was not a matter which the probate court could determine, under a petition for instructions or otherwise. Since that is so, the evidence offered by Troxell, which at best went only to show that he had a superior right of possession, was not directed to any issue before the court and was properly excluded.

However, that same reason makes improper the portion of the court's order which purports to direct Troxell to take certain steps—namely to post a bond or vacate the premises. The effect of that portion of the order was to determine a right of possession as between the estate and the

adverse claimant. As we have said, the probate court had no authority to make any such determination.

On the other hand, the remaining portions of the order were proper.[1] The prayer of the petition, quoted above, clearly sought directions from the court as to ''the administration of the estate and the disposition, management, operation, care, protection or preservation of the estate or any property thereof.'' (Prob. Code, § 588.) Whether or not the real property should be rented, if so to whom and on what terms, clearly were proper matters on which the administrator could seek, and the probate court give, directions. So also was the portion of the order (not appealed from) directing the administrator not to seek collection of rent until the further order of the court. Those portions of the order authorized the administrator to negotiate with Troxell for his occupancy of the property and protect the administrator if it should succeed in making a lease arrangement on the terms authorized. But if the administrator and Troxell cannot agree, the administrator's sole remedy is to seek from the court authority to proceed against Troxell by a plenary action at law.[2]

The portion of the order appealed from is modified by deleting therefrom the following matter:

''It Is Further Ordered, Adjudged and Decreed that said Clifton H. Troxell shall, on or before May 31, 1968, furnish to petitioner Bank of America National Trust & Savings Association a bond or undertaking in the amount of $5,000.00 with a corporate surety to assure the payment of the sum of $300.00 per month to the estate of said decedent for his use and occupancy of the property located at 810 Holmby Avenue, Los Angeles, California, during the time that he remains in possession of said property, and that if said Clifton H. Troxell shall not have furnished such bond or undertaking to petitioner on or before May 31, 1968, then he shall vacate and surrender possession of said property to petitioner and leave the same in as good order and condition as it was at the

---

[1]There is no appeal from that portion of the order which purports to relieve the administrator from liability for uncollected rents for the period after the death of the decedent and prior to May 31, 1968. We do not intend to express any opinion as to the propriety of that clause of the order.

[2]Of course, it follows from what we have said that the determination in the order under review of the fair rental value of the property would not be binding on Troxell in any such proceeding.

time of the death of decedent on June 16, 1967, reasonable wear and tear thereafter excepted.''

As so modified, the order is affirmed. Costs on appeal shall be borne by the estate.

Jefferson, Acting P. J., and Dunn, J., concurred.